UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAR'QUAN COX,

    Petitioner,

v.

STATE OF MICHIGAN,

    Respondent.

Case No. 23-11723
Honorable Laurie J. Michelson

**OPINION AND ORDER SUMMARILY DENYING
PETITION FOR WRIT OF HABEAS CORPUS [1]**

Mar'Quan Cox, who is currently detained pretrial at the Genesee County Jail, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1.) Along with his petition, Cox attached a partial docket that corresponds to a case in Genesee County's 67th District Court. (*Id.* at PageID.4.) A review of the full docket reveals that Cox was bound over to the 7th Judicial Circuit Court, where he faces 28 criminal charges. *See Michigan v. Cox*, No. 2022-22TB1815-FY (67th Dist. Ct. Nov. 8, 2022); *Michigan v. Cox*, No. 2022-0000050073-FC (7th Cir. Ct. Aug. 8, 2022); *see also Boyer*

---

[1] Technically, Cox filed this motion pursuant to Michigan Compiled Laws §§ 330.1533, 600.4313. (*See* ECF No. 1.) Neither of these provisions apply in federal court. Nonetheless, the Court will construe his petition as falling under § 2241. *See Atkins v. People of State of Mich.*, 644 F.2d 543, 545 n.1 (6th Cir. 1981) ("Pretrial petitions . . . are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."); *Winburn v. Nagy*, 956 F.3d 909, 911 (6th Cir. 2020).

*v. Clinton Cnty. Sheriff's Off.*, — F. Supp. 3d —, No. 1:22-CV-212, 2022 WL 17552242, at *4 (S.D. Ohio Dec. 9, 2022) (noting that a court "may take judicial notice of the contents of state court records"). Cox alleges that his constitutional rights have been violated, and he asks the Court to dismiss the charges and release him. (ECF No. 1, PageID.3.)

For the reasons explained below, the Court will dismiss the petition without prejudice.

## I.

Promptly after a habeas petition is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, it must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (explaining the district court's duty to "screen out" petitions that lack merit on their face); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions).

"Habeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *See Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 810 (6th Cir. 2012). Usually, a state-court prisoner is required to exhaust his state-court remedies by statute. *See* 28 U.S.C. § 2254(b)(1). But when a state pretrial detainee files a petition under 28 U.S.C.

§ 2241, courts have "superimposed such a requirement in order to accommodate principles of federalism." *See Phillips*, 668 F.3d at 811 n.4 (collecting cases); *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). In other words, courts require pretrial detainees to exhaust their claims in order to "protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *See Atkins*, 644 F.2d at 546. So with limited exception, "claims that would resolve pending state criminal charges" must be exhausted before they can be considered under § 2241. *See Switek v. Michigan*, 587 F. Supp. 3d 622, 625 (E.D. Mich. 2021); *see also Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (noting three possible exceptions to this general rule).

Because Cox asks the Court to dismiss his state-court charges and release him, his habeas claims would resolve his pending state criminal charges. (*See* ECF No. 1.) But nothing in his petition indicates that he exhausted these claims in state court. (*Id.*) And his petition is not exempted from the exhaustion requirement because it does not raise the particular speedy-trial, double-jeopardy, or due-process claims that might do so. (*Id.*); *Folley*, 2020 WL 9813535, at *2. Accordingly, Cox must exhaust his claims in state court, and he is not entitled to federal habeas relief.

## II.

For the forgoing reasons, the Court DISMISSES WITHOUT PREJUDICE Cox's petition for writ of habeas corpus. (ECF No. 1.) Accordingly, Cox's "request to

3

allow waiver of electronic filing" is DENIED as moot. (ECF No. 2.) By separate order, the Court will DENY a certificate of appealability. A separate judgment will follow.

SO ORDERED.

Dated: August 4, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
